IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME BALLESTEROS, : | |
|     Petitioner : | |
|     v. | : Case No. 3:23-cv-250-KAP |
| MICHAEL UNDERWOOD, WARDEN, : | |
| F.C.I. LORETTO, : | |
|     Respondent : | |
| | |
| JAIME BALLESTEROS, : | |
|     Petitioner : | |
|     v. | : Case No. 3:23-cv-261-KAP |
| ICE/DHS and WARDEN of : | |
| F.C.I. LORETTO, : | |
|     Respondents : | |

<u>Memorandum Order</u>

    Petitioner Ballesteros filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 that I screened in February and recommended be dismissed by an Article III judge without prejudice for reasons explained at ECF no. 7 in Case No. 3:23-cv-250-KAP and ECF no. 5 in Case No. 3:23-cv-261-KAP. Objections were filed and are still pending. Check of the Bureau of Prisons website indicates petitioner was released, probably to his ICE detainer, in April 2024. Petitioner has not supplied a current address.

    For a federal court to have jurisdiction over a case, an actual controversy must be extant not only at the outset of litigation, but throughout its course. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997); <u>Camreta v. Greene</u>, 563 U.S. 692, 711 (2011). The Clerk shall terminate as moot what has been docketed as motions for mandamus, ECF no. 6 in Case No. 3:23-cv-250-KAP and ECF no. 4 in Case No. 3:23-cv-261-KAP, because they are within my jurisdiction.

    I can only recommend dismissal on the grounds that the petitions are moot. I therefore formally add that I recommend that the petitions be dismissed with prejudice as moot. I will not send notice to petitioner of his right to object because he has not provided a current address.

DATE: July 30, 2024

                                        Keith A. Pesto,
                                        United States Magistrate Judge